```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TRUSTEES FOR THE MASON TENDERS            :
DISTRICT COUNCIL OF GREATER WELFARE       :
FUND, PENSION FUND, ANNUITY FUND          :
AND TRAINING PROGRAM et al.,              :
                                          :
                             Petitioners, :
                                          :
                -against-                 :
                                          :
                                          :
KOKO CONTRACTING, INC.,                   :
                                          :
                             Respondent.  :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/22

22-CV-4136 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund, Anna Gutsin, and Mike Hellstrom (collectively "Petitioners") seek confirmation of an arbitration award entered against Respondent Koko Contracting, Inc. ("Koko"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

Respondent is a contractor and signatory to the New York City School Construction Authority Project Labor Agreement ("PLA") with the Mason Tenders District Council of Greater New York. Pet., Dkt. 1 ¶¶ 3, 6, 8. Pursuant to the PLA, Respondent is also bound by a set of trust agreements, which require Respondent to make payments to various employee benefit plans. *Id.* ¶¶ 1, 7–9. Petitioners allege that Respondent failed to meet its obligations to make payments to the designated funds as required by the PLA for the period from December 31, 2017 to March 28, 2020. *Id.* ¶ 11. Accordingly, Petitioners initiated arbitration proceedings. *Id.* ¶¶

1

12–13.  Because Respondent did not appear at the arbitration hearings, the matter proceeded as a default.  *Id.* ¶ 13; *see also* Award, Ex. 1, Dkt. 1-1 at 1.  On May 21, 2021, the arbitrator found that Respondent had violated the PLA by failing to make required payments for fringe benefits, dues, and the PAC, and ordered Respondent to pay a total of $33,492.54.  Pet. ¶ 14; *see also* Award at 1–2.[1]  Petitioner now seeks to confirm the arbitration award (the "Award").  Pet. ¶ 16.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'"  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).  A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Id*.  The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did

---

[1] More specifically, the arbitrator found that Respondent owed $25,355.64 in delinquent payments for fringe benefits, $1,803.36 for delinquent dues and payments to the PAC, $1,783.81 in interest, $1783.81 in liquidated damages, $1,565.92 to make up for paying the wrong rate for two months in 2021, $500 in attorneys' fees, and $700 in arbitrator fees.  Award at 2.

not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co.*, 462 F.3d at 109–10. If, however, "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* at 110 (quotation omitted).

Here, the petition to confirm arbitration is unopposed.[2] The undisputed facts show that the arbitrator's award was properly within the scope of his authority. Accordingly, Petitioners' motion is granted, and the Award is confirmed.

## CONCLUSION

For the foregoing reasons, the petition to confirm arbitration is GRANTED. The Court awards judgment in Petitioners' favor in the amount of $33,492.54, plus statutory interest accruing from the date of this order until Respondent has paid the full Award.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

|  |  |
|---|---|
| **Date: July 28, 2022**<br>New York, New York | *[signature]*<br>**VALERIE CAPRONI**<br>**United States District Judge** |

---

[2] Petitioners served Respondent on June 2, 2022. *See* Dkt. 7. Respondent has neither appeared nor responded.